**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Dolores Gaudreault, | No. CV-25-08116-PCT-SMB |
| Plaintiff, | **ORDER** |
| v. | |
| Commissioner of Social Security Administration, | |
| Defendant. | |

The Court now considers Plaintiff Dolores Gaudreault's appeal from the Social Security Administration's denial of Plaintiff's application for disability insurance benefits ("DIB"). The Court reviewed the briefing, the Administrative Record ("AR"), and the Administrative Law Judge's ("ALJ") decision (AR 17–33). The Court **affirms** the ALJ's decision for the following reasons.

## I.    BACKGROUND

On September 21, 2021, Plaintiff applied for DIB under Title II alleging a disability onset date of November 3, 2018. (AR. 19.) Plaintiff's claims were denied initially and on reconsideration. (*Id.*) After an administrative hearing, an ALJ issued an unfavorable decision on April 10, 2024, finding Plaintiff not disabled. (AR. 31.) The Appeals Council denied review of that decision, making the ALJ's determination the final decision of the Commissioner of the Social Security Administration. (AR. 1–6.) Plaintiff seeks review of the Commissioner's decision pursuant to 42 U.S.C. § 405(g).

## II.    LEGAL STANDARD

To determine whether a claimant is disabled for purposes of the Act, the ALJ follows a five-step process. 20 C.F.R. § 404.1520(a). The claimant bears the burden of proof on the first four steps, but the burden shifts to the Commissioner at step five. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). At the first step, the ALJ determines whether the claimant is engaging in substantial gainful activity. 20 C.F.R. § 404.1520(a)(4)(i). If so, the claimant is not disabled and the inquiry ends. *Id.* At step two, the ALJ determines whether the claimant has a severe medically determinable physical or mental impairment. 20 C.F.R. § 404.1520(a)(4)(ii). If not, the claimant is not disabled and the inquiry ends. *Id.* At step three, the ALJ considers whether the claimant's impairment or combination of impairments meets or medically equals an impairment listed in Appendix 1 to Subpart P of 20 C.F.R. Part 404. *See* 20 C.F.R. § 404.1520(a)(4)(iii). If so, the claimant is automatically found to be disabled. *Id.* If not, the ALJ proceeds to step four. At step four, the ALJ assesses the claimant's residual functional capacity ("RFC") and determines whether the claimant is still capable of performing past relevant work. 20 C.F.R. § 404.1520(a)(4)(iv). If so, the claimant is not disabled and the inquiry ends. *Id.* If not, the ALJ proceeds to the fifth and final step, where he determines whether the claimant can perform any other work based on the claimant's RFC, age, education, and work experience. 20 C.F.R. § 404.1520(a)(4)(v). If so, the claimant is not disabled. *Id.* If not, the claimant is disabled. *Id.*

The Court only reviews the issues raised by the party challenging the ALJ's decision. *See Lewis v. Apfel*, 236 F.3d 503, 517 n.13 (9th Cir. 2001). The Court will uphold an ALJ's decision "unless it contains legal error or is not supported by substantial evidence." *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007). "Substantial evidence is more than a mere scintilla but less than a preponderance" and is such that "a reasonable mind might accept [it] as adequate to support a conclusion." *Id.* (first quoting *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005); and then quoting *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005)). As a general rule, if the "evidence is susceptible to

- 2 -

more than one rational interpretation," the Court will affirm the ALJ's decision. *Burch*, 400 F.3d at 679. That said, the Court should "consider the entire record as a whole and may not affirm simply by isolating a specific quantum of supporting evidence." *Orne*, 495 F.3d at 630 (citation modified).

### III.    DISCUSSION

Plaintiff brings one point of error. She contends the ALJ failed to provide specific, clear, and convincing reasons for rejecting Plaintiff's symptom testimony. (Doc. 8 at 8.) The Court disagrees.

An ALJ employs a two-step process in evaluating a claimant's symptom testimony. *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009). First, "the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007) (citation modified). Second, if there is such objective evidence, and "no evidence of malingering, the ALJ can reject the claimant's testimony about the severity of [his] symptoms only by offering specific, clear and convincing reasons for doing so." *Id.* (citation modified). "The standard isn't whether [the] court is convinced, but instead whether the ALJ's rationale is clear enough that it has the power to convince." *Smartt v. Kijakazi*, 53 F.4th 489, 499 (9th Cir. 2022).

Plaintiff fell and injured her back in February 2018. (Doc. 8 at 7.) Upon imaging, Plaintiff was diagnosed with degenerative disc disease of the lumbar spine. (AR 23.) In particular, imaging found Plaintiff had a mildly displaced fracture in her lumbar region, multilevel spondylosis, a broad-based disc bulge at L5-S1, and multilevel facet arthrosis. (AR 28.) Plaintiff subsequently alleged an inability to work due to: difficulty standing, sitting, reaching, kneeling, using her hands, and walking for long periods of time; inability to use a computer for long periods of time; difficulty concentrating or learning new things; anxiety and panic attacks; dizziness and confusion; and sharp neck pain when sitting in front of a computer. (AR 27.) The ALJ found that Plaintiff's medical impairment could

cause some of the alleged symptoms, but did not find Plaintiff's testimony regarding the severity of these symptoms credible:

> As for the claimant's statements about the intensity, persistence, and limiting effects of her symptoms, they were inconsistent with the fairly conservative treatment history, the generally benign objective medical findings, and the claimant's testimony as to her level of activity. Therefore, the undersigned did not find that the evidence fully supported the level of dysfunction that the claimant has alleged.

(AR 28.)

The ALJ provided clear and convincing reasons for discrediting Plaintiff's testimony. The ALJ contrasted Plaintiff's testimony with the following medical evidence. At a 2022 consultative examination, Plaintiff reported she stopped taking opioids so as to not become dependent upon them and instead used Aleve to manage her pain. (AR 28, 1077.) In that appointment she reported "a constant 8 to 9/10 pain in her lower back," which aggravated whenever she stood, walked, or sat too long. (AR 28, 1077.) Yet, she also reported engaging in daily senior water aerobics, cleaning dishes and dusting, driving whenever her husband was not home, shopping, and cleaning up after her pets. (AR 28, 1079.)

Further, in that appointment, the provider noted the following. Plaintiff was in no acute distress and could sit in the chair without discomfort for the duration of the exam. (AR 28, 1079.) Plaintiff could stand, walk to the examination table, get onto the table, and could remain sitting without assistance and without difficulty. (AR 28, 1079.) Plaintiff had a normal gait, could stoop without difficulty, had appropriate balance, and did not need an assistive device. (AR 28, 1079.) Plaintiff had 5/5 strength in her bilateral upper and lower extremities, normal grip strength, and normal muscle bulk without atrophy. (AR 28–29, 1080.) Plaintiff had normal range of motion in her cervical spine, dorsolumbar spine, wrist, hand, knees, and hips. (AR 29, 1080–81.) Plaintiff also had no pain noted with palpitation of the back, with a straight leg-lift less than 60 degrees, or with a hip flexion and knee extension in the sitting position. (AR 29, 1081.) Finally, the provider noted that Plaintiff ascended two flights of stairs to get to the appointment, and that there

were not any "obvious signs or symptoms of pain or discomfort during examination." (AR 29, 1082.)

The ALJ also found prior administrative findings to be persuasive. Therein, an agency medical consultant found the "claimant could perform light exertional work, frequently climb ramps or stairs, occasionally climb ladders, ropes, or scaffolds, frequently balance, crouch, or crawl, [and] occasionally stoop and kneel." (AR 30, 60–69.) The ALJ found that these prior findings were supported by the records available at the time and consistent with the current record. (AR 30.)

Finally, the ALJ found that Plaintiff's own report contradicted the severity of her mental limitations. The ALJ noted that Plaintiff stated or demonstrated she could "pay bills, go to doctor's appointments alone, shop, drive, watch television, use the computer, and play games, including trivia and bunco." (AR 24.) Further, Plaintiff showed she could "provide information about her health, describe her prior work history, follow instructions from healthcare providers, comply with treatment outside of a doctor's office or hospital, and responded to questions from medical providers." (AR 24.)

The foregoing contradictions provide a sufficient basis for discounting subjective symptom testimony. *See Thomas v. Barnhart*, 278 F.3d 947, 958–60 (9th Cir. 2002) (holding that inconsistencies between subjective complaints and objective medical evidence is a clear and convincing reason for discounting claimant's testimony). Viewed as a whole, the ALJ adequately identified which aspects of Plaintiff's testimony were inconsistent with the record and provided clear and convincing reasons, supported by substantial evidence, for discounting her subjective symptom allegations.

**IV.    CONCLUSION**

Accordingly,

**IT IS ORDERED** affirming the ALJ's April 10, 2024 decision.

…

…

…

- 5 -

**IT IS FURTHER ORDERED** directing the Clerk to enter final judgment consistent with this Order and close this case.

Dated this 29th day of July, 2026.

Honorable Susan M. Brnovich
United States District Judge